UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
BRYANT A. DELAREMORE,                                      :
                                                           :   **MEMORANDUM**
                                                           :   **DECISION AND ORDER**
                          Plaintiff,                       :
                                                           :   17-cv-918 (BMC) (RML)
            - against -                                    :
                                                           :
ZIMMER, INC. d/b/a ZIMMER BIOMET, *et al.*,                :
                                                           :
                          Defendants.                      :
---------------------------------------------------------- X

**COGAN**, District Judge.

    This is a diversity products liability action originally brought by a prisoner acting *pro se* who alleged that his hip replacement device, manufactured by defendant Zimmer, failed because it was defective. His original complaint included an allegation stating: "Beginning in approximately July 2013, the implant began to inflame its surrounding tissue as a consequence of its defective nature, causing pain to plaintiff."[1] He then obtained counsel, and with leave of court, filed an amended complaint that eliminated the references to when he began to feel pain.

    The problem with the 2013 reference in the original complaint is that it arguably shows that plaintiff was on notice for purpose of the accrual of his claims for statutes of limitations purposes, and if so, his claims are time-barred. Defendants have moved to dismiss under Rule 12(b)(6) on that basis, citing federal authority that an amended complaint does not preclude consideration of admissions made in the earlier pleading. Plaintiff counters that in a diversity case, the statute of limitations is a state law issue under Erie R.R. Co. v. Tompkins, 304 U.S. 64

---

[1] Defendants cite three statements in the original complaint which they contend show that the claims are time-barred. But the other two statements are mere conclusions.

1938), and because state law, in contrast to federal law, disregards original pleadings when they are superseded, see Halmar Distributors, Inc. v. Approved Manufacturing Corps., 49 A.D. 2d. 841, 373 N.Y.S. 2d 599 (1st Dep't 1975), the allegations in the original complaint cannot be used against him.

Both sides take too strident an interpretation of the law. Plaintiff does not appreciate that whether the allegations in the original complaint are admissible against him, notwithstanding a superseding pleading, is a matter of evidentiary law, and federal rules of evidence answer that question, even in a diversity case. See Bryndle v. Boulevard Towers, II, LLC, 132 F. Supp. 486, 498 n.3 (W.D.N.Y. 2015) ("[T]he Federal Rules of Evidence, rather than state evidentiary laws, are held to apply in federal diversity proceedings."). Conversely, defendant seems to think that since the statements from the original complaint are admissible, they are conclusive, and establish a time frame for the statute of limitations from which plaintiff cannot escape.

But to say that allegations in original pleadings are admissible is not to say that they are conclusive. In Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc., 32 F.2d 195, 198 (2d Cir. 1929), the Second Circuit recognized the distinction:

> When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extra-judicial admission made by a party or his agent.... If the agent made the admission without adequate information, that goes to its weight, not to its admissibility. There was no error in receiving the original complaint in evidence.

None of the cases upon which defendants rely on stand for a contrary proposition and are readily distinguishable. In U.S. v. McKeon, 738 F.2d 26, 31 (2d Cir. 1984), for example, the Court merely held that criminal defense counsel's opening statements during a first trial could be

2

offered by the prosecution upon re-trial. Although the Court analogized the scenario in McKeon to the admissibility of original pleadings notwithstanding submission of amended pleadings in civil litigation, it did not address the key question here – the effect of admitting the statements from the original pleading. McKeon left the defendant free to argue or distinguish any of the statements his lawyer had made at the first trial, and left it to the jury to determine the effectiveness of that effort.[2]

The issue is implicated here only because this is a Rule 12(b)(6) motion. It is true that statute of limitations issues can be resolved in the context of such a motion where the complaint leaves no doubt that its claims are time-barred. See Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). But where, as here, the accrual of a statute of limitations depends on various facts and circumstances, further factual development may be necessary before the Court can conclude with legal certainty that the claim is time-barred. See Brooks v. 1st Precinct Police Dept., 11-cv-6070, 2014 WL 1875037 (E.D.N.Y. May 9, 2014).

Although New York law starts the accrual for the statute of limitations when the plaintiff first noticed "symptoms", rather than causation, see Baker v. Stryker Co., 770 F. App'x 12, 14 (2d Cir. 2019), I am not prepared to accept as a matter of law that the "pain" plaintiff allegedly felt in 2013 necessary constitutes a symptom. The pain may have been fleeting, or plaintiff may have other reasons why he did not consider it indicative of his symptomology in 2013.

---

[2] Poindexter v. EMI Record Group, Inc., 11-cv-559, 2012 WL 1027639 at *2 (S.D.N.Y. March 27, 2012), upon which defendants also rely, dealt with documents annexed to a complaint that directly contradicted the narrative allegations of the complaint. The other case, Sulton v. Wright, 265 F. Supp. 2d 292, 295 (S.D.N.Y. 2003), although acknowledging the continued admissibility of statements in original pleadings, did not address the effect of such statements.

3

This is not to say that plaintiff is going to have an easy time distancing himself from the statement in his original complaint. There may well be medical records or witness observations that lock him in and permit no reasonable conclusion other than that his claim accrued in 2013. But the brief statement in the original complaint, although admissible, is not sufficient to dismiss the amended complaint.

Defendants' motion to dismiss is therefore denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
October 22, 2019