```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
BRYANT A. DELAREMORE,                                       :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
                                                            :
                                  Plaintiff,                :    17-cv-918 (BMC) (RML)
                                                            :
            - against -                                     :
                                                            :
ZIMMER INC. d/b/a ZIMMER BIOMET;                            :
ZIMMER U.S. INC.; and ZIMMER BIOMET                         :
HOLDINGS, INC. f/k/a ZIMMER HOLDINGS,                       :
INC.,                                                       :
                                                            :
                                  Defendants.               :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is a diversity products liability action, originally brought by a prisoner appearing *pro se* who alleged that his hip replacement device, manufactured by defendants, failed because it was defective. He then obtained counsel and, with leave of court, filed an amended complaint. However, plaintiff has disappeared from the case. His able counsel has been unable to locate him, and plaintiff has not provided the Court or his counsel with any other contact information that would allow plaintiff to continue with this case.

Throughout the case, there were great difficulties in obtaining plaintiff's medical records and in scheduling plaintiff for a hip surgery that he allegedly needed. Magistrate Judge Levy had to repeatedly extend deadlines to do so. Plaintiff's disappearance occurred sometime between March and May of this year, after his release from custody. His counsel reported to Judge Levy that plaintiff's hip evaluation was postponed, and that because plaintiff has no permanent

address, counsel has been unable to locate plaintiff. It has thus been impossible for defendants to schedule an independent medical examination. Plaintiff did have a cell phone, but counsel was unable to get a response from that either. Counsel also attempted to contact a relative of plaintiff's to find out where he is; that yielded no results.

With no means of contacting plaintiff, Judge Levy authorized defendants to move to dismiss for non-prosecution, and that motion is before me. Plaintiff's counsel, having no means of contacting plaintiff, has moved to withdraw as counsel. Both motions are hereby granted.

In reviewing a dismissal for failure to prosecute under Rule 41, courts within the Second Circuit consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Brown v. City of New York, 391 F. App'x 935, 936 (2d Cir. 2010) (summary order) (quoting Ruzsa v. Rubenstein & Sendy Atty's at Law, 520 F.3d 176, 177 (2d Cir. 2008)). All the factors are met here. This case has been going on for four years now; plaintiff is well aware of the action; plaintiff has been given multiple chances to make his case; and plaintiff has not responded to Judge Levy's order or the motion to dismiss.

Accordingly, the motion to dismiss [80] and counsel's motion to withdraw [79] are

granted. As his last act as counsel, plaintiff's counsel is directed to send an image of this Order by text to plaintiff's cellphone, and file an affidavit stating that he has done so.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
      June 29, 2021